NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO GUEVARA-LOPEZ,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    16-70784

Agency No. A201-107-999

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021 [**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Reynaldo Guevara-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020), and review de novo questions of law, *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Guevara-Lopez failed to establish the harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). The BIA did not err in determining that Guevara-Lopez did not raise a family-based social group before the IJ, *see Alanniz*, 924 F.3d at 1068-69 (no error in BIA's waiver determination), or in declining to consider Guevara-Lopez's arguments regarding a social group that was raised for the first time to the BIA, *see Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal). We reject as unsupported by the record Guevara-Lopez's contentions that the BIA otherwise erred in its analysis of his asylum and withholding of removal claims. Thus, Guevara-Lopez's asylum and withholding of removal claims fail.

16-70784

The BIA did not err in its determination that Guevara-Lopez waived his CAT claim, *see Alanniz*, 924 F.3d at 1068-69 (no error in BIA's determination that applicant failed to challenge the IJ's denial of CAT relief) and he has not pointed to any authority to support his contention that the BIA had an obligation to consider the claim sua sponte. Thus, we deny the petition for review as to CAT.

The BIA did not abuse its discretion in denying Guevara-Lopez's motion to reopen based on his brother's recent grant of asylum. *See Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017) (new evidence must be material in order to merit reopening).

**PETITION FOR REVIEW DENIED.**